IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FIRST CALL ENVIRONMENTAL, LLC,

    Plaintiff,

v.                                                                  Civil Action No. 3:21cv170

MURPHY OIL USA, INC.,

    Defendant.

## OPINION

This dispute arises out of agreements between the defendant, Murphy Oil USA, Inc. ("Murphy Oil"); National Rapid Response, Inc. ("NRR"); and the plaintiff, First Call Environmental, LLC ("First Call"). Murphy Oil entered a contract with NRR whereby NRR would provide emergency and environmental management and waste disposal services (the "Services") to Murphy Oil. NRR then subcontracted with the plaintiff, First Call, to perform the Services for Murphy Oil. First Call alleges that Murphy Oil has failed to pay it for $77,026.26 in Services that First Call provided Murphy Oil.

First Call's complaint contains two counts: breach of contract as an intended third-party beneficiary of the Murphy Oil and NRR contract (Count One) and unjust enrichment (Count Two). Because the Murphy Oil and NRR contract expressly excludes third-party beneficiary claims, the Court will dismiss Count One. The Court will also dismiss Count Two because First Call alleges that an express contract exists between it, NRR, and Murphy Oil.

## I. FACTS ALLEGED THE COMPLAINT

Murphy Oil "entered into one or more contracts with NRR during the years 2017, 2018, and 2019, whereby NRR agreed to provide certain emergency and environmental management and

waste disposal services (the 'Services') for Murphy Oil through its network of subcontractors, including First Call." (Compl. ¶ 7.) First Call had an agreement with NRR, in which "First Call would provide emergency remediation and/or waste disposal services to NRR's end-clients under Purchase Orders issued by NRR to First Call." (Id. ¶ 6.) "Under this agreement, an end-client would contact NRR for services, NRR would issue Work Authorizations to First Call, and First Call would mobilize to the site and provide the required services." (Id.) "First Call would thereafter submit invoices to NRR, and NRR would provide the invoices to the end-client, who was responsible for payment." (Id.) Pursuant to these agreements, "NRR issued Work Authorizations to First Call whereby First Call agreed to perform Services for Murphy Oil in various locations." (Id. ¶ 8.)

As NRR's subcontractor, First Call has provided Services worth $77,026.26 to Murphy Oil pursuant to its contract with NRR, but Murphy Oil has "failed and refused to pay the Outstanding Balance." (Id. ¶¶ 12-13.)[1]

### III. DISCUSSION[2]

#### A. Breach of Contract (Count One)

---

[1] First Call sues only Murphy Oil, potentially because it seems that NRR no longer exists. (See id. ¶ 5 (alleging that NRR "*was* a national provider of emergency waste remediation services" (emphasis added)).)

[2] Murphy Oil moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion gauges a complaint's sufficiency without resolving any factual discrepancies or testing the claim's merits. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009).

The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a facially plausible claim to relief. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows

2

Murphy Oil argues that the "No Third Party-Beneficiaries" provision in the Murphy Oil and NRR contract bars First Call's breach of contract claim. (ECF No. 6, at 8.) The "No Third Party-Beneficiaries" provision provides that: "The parties intend the terms and provisions of this agreement solely to benefit [NRR] and Murphy USA and their respective successors and permitted assigns. The parties do not intend to, and do not, confer third-party beneficiary rights on any third party."[3] (ECF No. 6-1, at 7; ECF No. 6-2, at 7.)

Under Arkansas law, courts look to an unambiguous contract's "plain language" to determine its meaning. *Chambers v. McDougald*, 520 S.W.3d 740, 744 (Ark. Ct. App. 2017).[4] "A contract is actionable by a third party when there is substantial evidence of a clear intention to benefit that third party." *Perry v. Baptist Health*, 189 S.W.3d 54, 58 (Ark. 2004). "[T]he presumption is that parties contract only for themselves and, thus, a contract will not be construed as having been made for the benefit of a third party unless it clearly appears that such was the intention of the parties." *Elsner v. Farmers Ins. Grp., Inc.*, 220 S.W.3d 633, 635 (Ark. 2005).

Here, the plain language of the Murphy Oil and NRR contract indicates that Murphy Oil and NRR *did not* intend to create a third-party beneficiary. Thus, First Call may not assert a breach of contract claim as a third-party beneficiary to the Murphy Oil and NRR contract. *See Retro*

---

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

[3] "While considering a 12(b)(6) motion, courts may consider documents attached to the complaint or the motion to dismiss so long as they are integral to the complaint and authentic." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018) (cleaned up) (quoting *Kensington Volunteer Fire Dep't, Inc. v. Montgomery County*, 684 F.3d 462, 467 (4th Cir. 2012)).

[4] Pursuant to a choice of law provision in the Murphy Oil and NRR contract, Arkansas law governs this case. *See Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007) ("Because this action was filed in Virginia, we look to that state's laws to determine which state's laws govern [First Call's] claims. Virginia law looks favorably upon choice of law clauses in a contract, giving them full effect except in unusual circumstances, none of which exist here.").

*Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 769 (8th Cir. 2012) (applying Arkansas law and finding that a provision barring third-party beneficiaries "explicitly denies an intention to create a third-party beneficiary"). Accordingly, the Court will grant Murphy Oil's motion to dismiss Count One.

### *B. Unjust Enrichment (Count Two)*

First Call asserts an unjust enrichment claim against Murphy Oil in Count Two. Under Virginia law, "[w]hen a person is alleged to have been unjustly enriched, the law of the place of enrichment determines whether he is under a duty to repay the amount by which he has been enriched." Restatement (First) of Conflict of Laws § 453 (Am. L. Inst. 1934).[5] First Call claims that it "agreed to perform Services for Murphy Oil in various locations throughout the United States, including, but not limited to, Virginia, North Carolina, South Carolina, Ohio, Indiana, Tennessee, Florida, Georgia, Missouri, Minnesota, Illinois, Iowa, and Michigan." (Compl. ¶ 8.) Thus, because First Call enriched Murphy Oil in Virginia, North Carolina, South Carolina, Ohio, Indiana, Tennessee, Florida, Georgia, Missouri, Minnesota, Illinois, Iowa, and Michigan, the Court must apply the law of those states to determine if First Call has stated an unjust enrichment claim.[6]

In every jurisdiction in which First Call performed Services for Murphy Oil, a plaintiff may not pursue an unjust enrichment claim if an express contract governs the subject matter

---

[5] As previously mentioned, the Court must follow Virginia's choice of law rules. *See Colgan Air*, 507 F.3d at 275. Accordingly, the Court follows the choice of law provisions set out in the Restatement (First) of Conflict of Laws. *Cf. Frye v. Commonwealth*, 231 Va. 370, 376, 345 S.E.2d 267, 272 (1986) (noting that "Virginia adheres to the use of traditional rules applicable to conflict of laws" and has rejected the analytical approach to conflict of laws questions delineated in the Restatement (Second) of Conflict of Laws).

[6] For purposes of this motion, the Court assumes that First Call performed Services in all the states in which it agreed to perform Services.

4

underpinning the unjust enrichment claim.[7] Here, First Call alleges that it had an agreement that it would "submit invoices to NRR, and NRR would provide the invoices to the end-client, who was ultimately responsible for payment." (Compl. ¶ 6.) In other words, First Call alleges that an express contract between it, NRR, *and Murphy Oil* required Murphy Oil to pay First Call for the Services First Call provided Murphy Oil as NRR's subcontractor. Thus, an express contact governs the subject matter of First Call's unjust enrichment claim—payment for the Services First Call provided to Murphy Oil as NRR's subcontractor. This express contract bars First Call's unjust enrichment claim. Accordingly, the Court will grant Murphy Oil's motion to dismiss Count Two.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Murphy Oil's motion to dismiss and will dismiss First Call's claims without prejudice.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 23 June 2021
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

---

[7] *See James G. Davis Constr. Corp. v. FTJ, Inc.*, 298 Va. 582, 592, 841 S.E.2d 642, 647 (2020); *Ron Medlin Constr. v. Harris*, 704 S.E.2d 486, 489 (N.C. 2010); *Williams Carpet Contractors, Inc. v. Skelly*, 734 S.E.2d 177, 181-82 (S.C. Ct. App. 2012); *Cleveland Cent. Cath. High School v. Mills*, 125 N.E.3d 328, 340 (Ohio Ct. App. 2018); *Zoeller v. E. Chi. Second Century, Inc.*, 904 N.E.2d 213, 221 (Ind. 2009); *ICG Link, Inc. v. Steen*, 363 S.W.3d 533, 546 (Tenn. Ct. App. 2011); *Kovtan v. Frederiksen*, 449 So. 2d 1, 1 (Fla. Dist. Ct. App. 1984); *Marvin Hewatt Enters., Inc. v. Butler Cap. Corp.*, 761 S.E.2d 857, 863 (Ga. Ct. App. 2014); *Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo. Ct. App. 2010); *Reese Design, Inc. v. I-94 Highway 61 Eastview Ctr. P'ship*, 428 N.W.2d 441, 446 (Minn. Ct. App. 1988); *Gagnon v. Schickel*, 983 N.E.2d 1044, 1053 (Ill. App. Ct. 2012); *Giese Constr. Co., Inc. v. Randa*, 524 N.W.2d 427, 431 (Iowa Ct. App. 1994); *Morris Pumps v. Centerline Piping, Inc.*, 729 N.W.2d 898, 903 (Mich. Ct. App. 2006).